CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

'16 DEC 21 A 9 50

NO. 16-12416

DIVISION " "
DISTRICT COURT

BROTHERS PETROLEUM, LLC

VERSUS

WAGNERS CHEF, LLC, JADALLAH ENTERPRISES, LLC, **SECTION 1**
AHMED 1, LLC, EMPIRE EXPRESS, LLC, WAGNER WORLD, LLC
and FIRST NBC BANK

FILED: _____          _____
                                DEPUTY CLERK

### PETITION FOR REVOCATORY ACTION, FOR DAMAGES FROM UNFAIR TRADE PRACTICES, OR ALTERNATIVELY, FOR UNJUST ENRICHMENT

The petition of BROTHERS PETROLEUM, LLC ("Brothers"), a domestic corporation organized pursuant to the laws of the State of Louisiana and domiciled in the Parish of Jefferson, State of Louisiana, respectfully represents:

I.

Made defendants herein are:

1. WAGNERS CHEF, LLC ("Wagners"), a domestic limited liability company organized pursuant to the laws of the State of Louisiana and domiciled in the Parish of Orleans, State of Louisiana;

2. JADALLAH ENTERPRISES, LLC, a domestic limited liability company organized pursuant to the laws of the State of Louisiana and domiciled in the Parish of Orleans, State of Louisiana;

3. AHMED 1, LLC, a domestic limited liability company organized pursuant to the laws of the State of Louisiana and domiciled in the Parish of Orleans, State of Louisiana;

4. EMPIRE EXPRESS, LLC, a domestic limited liability company organized pursuant to the laws of the State of Louisiana and domiciled in the Parish of Orleans, State of Louisiana;

5. WAGNER WORLD, LLC, a domestic limited liability company organized pursuant to the laws of the State of Louisiana and domiciled in the Parish of Orleans, State of Louisiana; and

6. FIRST NBC BANK, a commercial bank chartered under the laws of the State of Louisiana which has its principal place of business in the Parish of Orleans, State of Louisiana.

II.

Defendant, Wagners, was the owner and operator of a gasoline/convenience store located at 4301 Louisa Street, New Orleans, Louisiana (the "Real Property").

III.

The Real Property is more fully described as follows:

ONE CERTAIN PORTION OF GROUND, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes, advantages, and appurtenances thereunto belonging or in anywise appertaining, situated in the STATE OF LOUISIANA, PARISH OF ORLEANS, THIRD MUNICIPAL DISTRICT OF THE CITY OF NEW ORLEANS, in that part thereof known as SQUARE NO. 39 OF GENTILLY WOODS, which square is bounded by Louisa Drive, Stephen Girard Avenue, Congress Drive, and New Orleans-Chef Menteur Highway, designated as LOT S-2 on a plan of resubdivision of original Plot S into LOTS S-1, S-2, S-3, and S-4, dated March 13, 2001, revised July 3, 2001, by Gilbert, Kelly, Couterie, Inc., recorded August 17, 2001 as Conveyance Office Instrument No. 222368, which LOT S-2 measures as follows, to wit:

Commencing at the point of intersection of the easterly right of way line of Louisa Drive and the northerly right of way line of New Orleans-Chef Menteur Highway, the point of beginning; proceed N 24 degrees 38' 36" W, along the easterly right of way line of Louisa Drive, a distance of 250 feet to a point; thence N 65 degrees 21' 24" E, a distance of 250 feet to a point; thence S 24 degrees 38' 36" E, a distance of 250 feet to a point on the northerly right of way line of New Orleans-Chef Menteur Highway; thence S 65 degrees 21' 24" W, along the northerly right of way line of New Orleans-Chef Menteur Highway, a distance of 250 feet to a point, the point of beginning.

The improvements thereon bear the Municipal Number 4301 Louisa Street, New Orleans, Louisiana, with alternative address of 4601 Chef Menteur Highway, New Orleans, Louisiana 70126.

All as more fully shown on survey made by Dading, Marques & Associates, LLC dated June 29, 2016, attached hereto and made a part hereof.

IV.

Petitioner, Brothers, as a motor fuel distributor, possesses

a valid and binding contract (the "Contract") for the exclusive sale of Exxon branded motor fuel at the aforesaid location.

V.

The Contract was originally by and between Brothers, as distributor, and B-Xpress Louisa, LLC, as retailer, and thereafter, through a subsequent ratification of the Contract in June, 2013, with defendant, Wagners, successor-in-interest to B-Xpress Louisa, LLC, at the said location.

VI.

At all times pertinent hereto, the Contract was a public record having been recorded on October 22, 2013 as instrument no. 1140959 in the mortgage records for the Parish of Orleans, State of Louisiana.

VII.

On or about July 21, 2014, Wagners initiated litigation against Brothers alleging that Wagners was not bound by the Contract.

VIII.

Thereafter, on or about April 13, 2105, defendant, Wagners, unilaterally notified Brothers that it would no longer consider itself to be bound by the Contract despite not having alleged, much less proven, any breaches on the part of Brothers.

IX.

At all times, from April 13, 2015 through the filing of this petition, Jadallah Saed (hereafter "Saed") was the sole member and owned a one hundred (100%) per cent ownership interest in and to Wagners Chef, LLC.

X.

The said Contract was subsequently declared to be valid, binding, and enforceable against Wagners by judgment of the Court of Appeal, Fourth Circuit, dated November 7, 2015 in proceedings

3

entitled "Wagners Chef, LLC vs. Brothers Petroleum, LLC," no. 2015-C-0928 on the docket of that Court.

XI.

Defendant, Wagners, was thereafter found to be in breach of the said Contract and ordered to comply with all of the terms and conditions of the Contract by Judgment dated May 12, 2016 in proceedings entitled "Wagners Chef, LLC vs. Brothers Petroleum, LLC," no. 2014-7135 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana.

XII.

At the time of the rendition of the aforesaid Judgment of the Court of Appeal decreeing the Contract to be valid and binding on defendant, Wagners, and of the aforesaid Judgment of the Civil District Court decreeing Wagners to be in violation of the Contract and ordering specific performance, Wagners had a valid and binding lease with defendant, Wagner World, LLC, as lessor, governing the Real Property where Wagners operated its gasoline/convenience store.

XIII.

The said lease was originally for a primary term of fifteen (15) years commencing November 15, 2013 with one (1) five (5) year renewal option. The said lease also granted to Wagners an option to purchase the Real Property. Notice of the Lease was recorded on November 18, 2013 as instrument no. 544888 in the conveyance records of the Parish of Orleans, State of Louisiana.

XIV.

The said lease was subsequently amended and established a primary term of seven (7) years commencing February 10, 2015 with one (1) seven (7) year renewal option. The said lease amendment also granted to Wagners, an option to purchase the Real Property. Notice of the lease amendment was recorded on September 16, 2015

4

as instrument no. 585032 in the conveyance records of the Parish of Orleans, State of Louisiana.

XV.

Thereafter, on or about July 8, 2016, Wagners, through its sole member, Saed, gratuitously entered into an Act of Cancellation of Lease with lessor, Wagner World, LLC, defendant herein, cancelling both the aforementioned original lease and the aforementioned lease amendment which said Act of Cancellation of Lease was recorded on July 8, 2016 as instrument no. 602321 in the conveyance records of the Parish of Orleans, State of Louisiana.

XVI.

The Act of Cancellation of Lease further served to cancel the option to purchase the Real Property.

XVII.

Concurrent with the cancellation of the aforementioned lease, lease amendment, and option to purchase, defendant, Wagner World, LLC, as owner of the Real Property, entered into an Act of Cash Sale wherein it sold the Real Property to defendant, Jadallah Enterprises, LLC, which said Act of Cash Sale was recorded on July 8, 2016 as instrument no. 602320 in the conveyance records for the Parish of Orleans, State of Louisiana.

XVIII.

Defendant, Jadallah Enterprises, LLC, is a Louisiana limited liability company formed on or about April 23, 2015, approximately ten (10) days after Wagners had unilaterally declared that it would no longer be bound by it motor fuel contract with plaintiff, Brothers, as alleged in paragraph VII above.

XIX.

On July 8, 2016, concurrent with the cancellation of the

original lease, the lease amendment, and the option to purchase in favor of Wagners, and concurrent with the sale of the Real Property to defendant, Jadallah Enterprises, LLC, the said Jadallah Enterprises, LLC entered into a lease of the Real Property with defendant, Ahmed 1, LLC, a Louisiana limited liability company formed on July 5, 2016.

XX.

Jadallah Saed, is, and has always been the sole member of both Jadallah Enterprises, LLC and Ahmed 1, LLC, defendants herein, since their inception, owning a one hundred (100%) per cent membership interest in and to each of the said limited liability companies.

XXI.

A Notice of Lease of the Real Property by and between defendants, Jadallah Enterprises, LLC, as lessor, and Ahmed 1, LLC, as lessee, is recorded as instrument no. 603970 in the conveyance records for the Parish of Orleans, State of Louisiana.

XXII.

Thereafter defendant, Empire Express, LLC in a simulated transaction, for either no consideration of for a grossly inadequate consideration, allegedly acquired the assets of defendant, Wagners Chef, LLC, and entered into a sublease of the Real Property with defendant, Ahmed 1, LLC, as sublessor, for the continued operation of the gasoline/convenience store located on the Real Property, thus causing Wagners to breach the Contract and causing or increasing the insolvency of defendant, Wagners, all to the detriment of, and causing damages to plaintiff, Brothers, as obligee under the Contract.

**REVOCATORY ACTION**

XXIII.

The actions of defendants, Wagners Chef, LLC and Wagner

World, LLC in gratuitously cancelling the original lease, the lease amendment, and the option to purchase in favor of Wagners, have served to cause Wagners to breach the Contract and have caused or increased the insolvency of defendant, Wagners, all to the detriment of, and causing damages to plaintiff, Brothers, as obligee under the Contract, all of which both Wagners Chef, LLC and Wagner World, LLC knew or should have known would occur from their actions.

XXIV.

The actions of defendants, Wagner World, LLC and Jadallah Enterprises, LLC in selling and transferring the Real Property from Wagner World, LLC to Jadallah Enterprises, LLC after first cancelling the original lease, the lease amendment, and the option to purchase in favor of Wagners, have also served to cause Wagners to breach the Contract and have caused or increased the insolvency of defendant, Wagners, all to the detriment of, and causing damages to, plaintiff, Brothers, as obligee under the Contract, all of which both Wagner World, LLC and Jadallah Enterprises, LLC knew or should have known would occur from their actions.

XXV.

The actions of defendants, Jadallah Enterprises, LLC and Ahmed 1, LLC in entering into a lease of the Real Property following the gratuitous cancellation of the original lease, the lease amendment, and the option to purchase in favor of Wagners, have also served to cause Wagners to breach the Contract and have caused or increased the insolvency of defendant, Wagners, all to the detriment of, and causing damages to plaintiff, Brothers, as obligee under the Contract, all of which both Jadallah Enterprises, LLC and Ahmed 1, LLC knew or should have known would occur from their actions.

7

XXVI.

The actions of defendants, Ahmed 1, LLC and Empire Express, LLC, in entering into a sublease of the Real Property following the gratuitous cancellation of the original lease, the lease amendment, and the option to purchase in favor of Wagners, have also served to cause Wagners to breach the Contract and have caused or increased the insolvency of defendant, Wagners, all to the detriment of, and causing damages to plaintiff, Brothers, as obligee under the Contract, all of which both Ahmed 1, LLC and Empire Express, LLC knew or should have known would occur from their actions.

XXVII.

The actions of defendants, Wagners Chef, LLC and Empire Express, LLC, in entering into a transfer, simulated or otherwise, of the assets of Wagners Chef, LLC, have also served to cause Wagners to breach the Contract and have caused or increased the insolvency of defendant, Wagners, all to the detriment of, and causing damages to plaintiff, Brothers, as obligee under the Contract, all of which both Wagners Chef, LLC and Empire Express, LLC knew or should have known would occur from their actions.

XXVIII.

As a result of the actions of defendants, Wagners Chef, LLC, Wagner World, LLC, Jadallah Enterprises, LLC, Ahmed 1, LLC, and Empire Express, LLC, plaintiff, Brothers, is entitled to a judgment annulling each of the following transactions, to wit:

    a.    the Act of Cancellation of Lease by and between defendant, Wagners Chef, LLC and Wagner World, LLC, recorded on July 8, 2016 as instrument no. 602321 in the conveyance records of the Parish of Orleans, State of Louisiana;

b. the Act of Cash Sale by and between defendants, Wagner World, LLC and Jadallah Enterprises, LLC, recorded on July 8, 2016 as instrument no. 602320 in the conveyance records for the Parish of Orleans, State of Louisiana;

c. the lease by and between defendants, Jadallah Enterprises, LLC, as lessor, and Ahmed 1, LLC, as lessee, recorded as instrument no. 603970 in the conveyance records for the Parish of Orleans, State of Louisiana; and

d. any transaction wherein Empire Express, LLC is alleged to have acquired the assets of Wagners Chef, LLC;

e. the lease by and between defendants, Ahmed 1, LLC, as lessor, and Empire Express, LLC, as lessee.

XXIX.

Pursuant to aforedescribed transactions, defendant, First NBC Bank, entered into a Multiple Indebtedness Mortgage with defendant, Jadallah Enterprises, LLC, as mortgagor, and Ahmed 1, LLC, as borrower, affecting the Real Property at 4301 Louisa Street, New Orleans, Louisiana, and recorded on July 8, 2016 as instrument no. 1222842 in the mortgage records of the Parish of Orleans, State of Louisiana.

XXX.

Pursuant to aforedescribed transactions, defendant, First NBC Bank, entered into an Assignment of Leases and Rents with defendant, Jadallah Enterprises, LLC, affecting the Real Property at 4301 Louisa Street, New Orleans, Louisiana, and recorded on July 8, 2016 as instrument no. 1222843 in the mortgage records of the Parish of Orleans, State of Louisiana.

XXXI.

Defendant, First NBC Bank, knew or should have known that these transactions would cause defendant, Wagners, to breach the

Contract and would cause or increase the insolvency of defendant, Wagners, all to the detriment of, and causing damages to plaintiff, Brothers, as the Contract was a public record, having been recorded on October 22, 2013 as instrument no. 1140959 in the mortgage records for the Parish of Orleans, State of Louisiana.

### XXXII.

Plaintiff, Brothers, is, therefore, entitled to a judgment annulling both the aforementioned Multiple Indebtedness Mortgage and the Assignment of Leases and Rents.

### UNFAIR TRADE PRACTICES

### XXXIII.

The actions of defendants, Wagners Chef, LLC, Jadallah Enterprises, LLC, Ahmed 1, LLC, Wagner World, LLC, and Empire Express, LLC, as described hereinabove, constitute unfair or deceptive methods, acts, and/or practices, which were unethical, oppressive, unscrupulous, and substantially injurious to plaintiff, Brothers, and were undertaken with the specific purpose and intent of depriving plaintiff, Brothers, of its rights against defendant, Wagners Chef, LLC, under the Contract and preventing Brothers from either enforcing those rights or recovering damages as a result of the breach of said Contract by defendant, Wagners.

### XXXIV.

The actions of defendants, Wagners Chef, LLC, Jadallah Enterprises, LLC, Ahmed 1, LLC, Wagner World, LLC, and Empire Express, LLC, as described hereinabove constitute Unfair Trade Practices in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, LSA-R.S. 51:1401, *et seq*.

### XXXV.

As such, plaintiff, Brothers Petroleum, LLC, is entitled to

recover all reasonable damages from defendants, Wagners Chef, LLC, Jadallah Enterprises, LLC, Ahmed 1, LLC, Wagner World, LLC, and Empire Express, LLC, sustained by plaintiff as a result of the joint actions of these named defendants, all together with reasonable attorney fees, costs, and expenses.

## UNJUST ENRICHMENT

### XXXVI.

Alternatively, the actions of defendants, Wagners Chef, LLC, Jadallah Enterprises, LLC, Ahmed 1, LLC, Wagner World, LLC, and Empire Express, LLC, described hereinabove, have caused an unjust enrichment, without cause, in favor of defendants, Wagners Chef, LLC, Jadallah Enterprises, LLC, Ahmed 1, LLC, and Empire Express, LLC, all at the expense of plaintiff, Brothers.

### XXXVII.

As such, plaintiff, Brothers Petroleum, LLC, is entitled to recover all reasonable damages from defendants, Wagners Chef, LLC, Jadallah Enterprises, LLC, Ahmed 1, LLC, Wagner World, LLC, and Empire Express, LLC, sustained by plaintiff as a result of the joint actions of these named defendants, together with all costs, and expenses.

### XXXVIII.

Petitioner prays for trial by jury on all issues presented herein as the amount in controversy exceeds that amount required by law.

WHEREFORE, plaintiff, Brothers Petroleum, LLC, prays that defendants, Wagners Chef, LLC, Jadallah Enterprises, LLC, Ahmed 1, LLC, Wagner World, LLC, Empire Express, LLC, and First NBC Bank, each be served with a copy of this petition, be cited to answer same, and, that after due proceedings had, there be judgment in favor of plaintiff, Brothers Petroleum, LLC, and against defendants, Wagners Chef, LLC, Wagner World, LLC,

Jadallah Enterprises, LLC, Ahmed 1, LLC, Empire Express, LLC, and First NBC Bank, annulling and cancelling each of the following transactions, to wit:

a. the Act of Cancellation of Lease by and between defendant, Wagners Chef, LLC and Wagner World, LLC, recorded on July 8, 2016 as instrument no. 602321 in the conveyance records of the Parish of Orleans, State of Louisiana;

b. the Act of Cash Sale by and between defendants, Wagner World, LLC and Jadallah Enterprises, LLC, recorded on July 8, 2016 as instrument no. 602320 in the conveyance records for the Parish of Orleans, State of Louisiana;

c. the lease by and between defendants, Jadallah Enterprises, LLC, as lessor, and Ahmed 1, LLC, as lessee, recorded as instrument no. 603970 in the conveyance records for the Parish of Orleans, State of Louisiana; and

d. any transaction wherein Empire Express, LLC is alleged to have acquired the assets of Wagners Chef, LLC;

e. the lease by and between defendants, Ahmed 1, LLC, as lessor, and Empire Express, LLC, as lessee;

f. the Multiple Indebtedness Mortgage by and between First NBC Bank, as mortgagee, Jadallah Enterprises, as mortgagor, and Ahmed 1, LLC, as borrower, recorded on July 8, 2016 as instrument no. 1222842 in the mortgage records of the Parish of Orleans, State of Louisiana

g. the Assignment of Leases and Rents by and between First NBC Bank, as lender, and Jadallah Enterprises, LLC, as grantor, recorded on July 8, 2016 as instrument no. 1222843 in the mortgage records of the Parish of Orleans, State of Louisiana.

WHEREFORE, plaintiff, Brothers Petroleum, LLC, further prays that, after due proceedings had, there be judgment in favor of plaintiff, Brothers Petroleum, LLC, and against defendants, Wagners Chef, LLC, Wagner World, LLC, Jadallah Enterprises, LLC, Ahmed 1, LLC, and Empire Express, LLC, jointly, severally, and in solido, in an amount sufficient to reasonably compensate plaintiff for all damages sustained, together with reasonable attorney fees, costs, and expenses resulting from the unfair trade practices of said defendants.

WHEREFORE, plaintiff, Brothers Petroleum, LLC, further prays alternatively that, after due proceedings had, there be judgment in favor of plaintiff, Brothers Petroleum, LLC, and against defendants, Wagners Chef, LLC, Wagner World, LLC, Jadallah Enterprises, LLC, Ahmed 1, LLC, and Empire Express, LLC, jointly, severally, and in solido, in an amount sufficient to reasonably compensate plaintiff for all damages sustained, together with all costs, and expenses resulting from the unjust enrichment, without cause, occurring in favor of said named defendants and occurring at the expense of plaintiff, Brothers Petroleum, LLC.

Plaintiff further prays for legal interest on all such sums recovered from judicial demand until paid, and for such other relief as the law, the evidence, equity, and the nature of the case may permit.

Plaintiff further prays for trial by jury on all issues presented herein.

Respectfully submitted:

JOSEPH V. DIROSA, JR.
LOUISIANA BAR NO. 4959
329 NORTH WOODLAWN AVENUE
METAIRIE, LOUISIANA 70001
TELEPHONE: (504) 289-2739
FACSIMILE: (504) 218-7035
EMAIL: jdirosa1@cox.net
ATTORNEY FOR BROTHERS PETROLEUM, LLC

**PLEASE SERVE:**

1. WAGNERS CHEF, LLC
   through its registered agent
   JIMMY CASTEX
   755 MAGAZINE ST.
   NEW ORLEANS, LA 70130

2. JADALLAH ENTERPRISES, LLC
   through its registered agent
   JADALLAH SAED
   4301 LOUISA ST
   NEW ORLEANS, LA 70126

3. AHMED 1, LLC
   through its registered agent
   DURIS HOLMES
   755 MAGAZINE ST.
   NEW ORLEANS, LA 70130

4. EMPIRE EXPRESS, LLC
   through its registered agent
   NASHAT HAIDER
   2204 ESTEBAN ST.
   ARABI, LA 70032

5. WAGNER WORLD, LLC
   through its registered agent
   WOLFE LAW GROUP, L.L.C.
   365 CANAL ST., SUITE 1680
   NEW ORLEANS, LA 70130

6. FIRST NBC BANK
   MARSHA S. CROWLE
   210 BARONNE ST.
   FIRST NBC BANK
   NEW ORLEANS, LA 70112