UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BROTHERS PETROLEUM, LLC | CIVIL ACTION |
| VERSUS | No. 17-6713 |
| WAGNERS CHEF, LLC, ET AL. | SECTION: "J"(1) |

## ORDER AND REASONS

Before the Court is a *Motion for Reconsideration* **(Rec. Doc. 47)** filed by Plaintiff, Brothers Petroleum, LLC. Having considered the Motion and legal memoranda, the record, and the applicable law, the Court finds that the Motion should be **DENIED**.

## FACTS AND PROCEDURAL HISTORY

This Court described the facts of this case at length in its order and reasons issued on July 31, 2018. (Rec. Doc. 46). In that order, this Court granted summary judgment in favor of all defendants other than Wagners Chef, LLC, Jadallah, Enterprises, LLC, and Ahmed 1, LLC and also on some of the claims alleged against the Defendants who remain party to this action. Plaintiff filed its Motion on August 20, 2018. LNV Corporation and Wagner World, LLC filed opposition, to which Brothers filed a reply. LNV responded with a sur-reply.

## PLAINTIFF'S ARGUMENTS

Plaintiff moves this Court to reconsider its order pursuant to Rule 59 of the Federal Rules of Civil Procedure. Movant argues reconsideration is necessary to "correct a manifest error of law and facts and in order to prevent manifest injustice."

(Rec. Doc. 47). Specifically, Plaintiff alleges first that this Court was manifestly wrong in its finding that FIRREA deprives this Court of jurisdiction to grant equitable relief, because statutory provisions allow this Court to retain jurisdiction over pre-receivership claims as opposed to post-receivership claims. Second, Plaintiff argues the revocatory action against Empire Express, LLC, should be maintained because that sale "does not form a part of the transactions involving the now-defunct First NBC Bank." (Rec. Doc. 47-1 at 12). Third, Plaintiff urges that it has successfully alleged unfair trade practices claims against Wagner World and Empire Express.

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit treats a motion for reconsideration challenging a prior judgment as either a motion "to alter or amend" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Federal Rule of Civil Procedure 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994).

The difference in treatment is based on timing. If the motion is filed within twenty-eight days of the judgment, then it falls under Rule 59(e). FED. R. CIV. P. 59(e); *Lavespere*, 910 F.2d at 173. However, if the motion is filed more than twenty-eight days after the judgment, but not more than one year after the entry of judgment, it is governed by Rule 60(b). Fed. R. Civ. P. 60(c); *Lavespere*, 910 F.2d at 173. As

Plaintiff has brought its claim within 28 days of this Court's order granting summary judgment, Plaintiff argues that Rule 59 is applicable. "However, an order dismissing fewer than all of the claims in a complaint is an interlocutory order." *Namer v. Scottsdale Ins. Co.*, 314 F.R.D. 392, 393 (E.D. La. 2016). This Court's order did not grant summary judgment on the unfair trade practices claims alleged against three of the defendants. Thus, there has been no final judgment in this case. Interlocutory orders should be amended pursuant to Rule 54(b), at any time before entry of a final judgment. Fed. R. Civ. P. 54(b).

Nonetheless, this distinction is not material here, because "[t]he general practice of courts in this district has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment." *Namer*, 314 F.R.D. at 393. Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*; *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Manifest error is defined as "[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence." *In Re Energy Partners, Ltd.*, 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted); *see also Pechon*

*v. La. Dep't of Health & Hosp.*, 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (manifest error is one that "'is plain and indisputable, and that amounts to a complete disregard of the controlling law'") (citations omitted).

The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478-79. Nor should it be used to "re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (finding that to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence").

## **DISCUSSION**

Plaintiff does not present new evidence and has not argued there has been an intervening change in the controlling law. Thus, this Court will grant Plaintiff's Motion only if the Court finds that it has made some manifest error in its analysis of the facts or the law.

## I. Application of FIRREA's Anti-Injunction Provision to Pre-Receivership Claims

This Court rejected Plaintiff's argument that FIRREA makes a distinction between pre and post receivership claims in the application of the Act's anti-injunction provision—12 U.S.C. § 1821(j). Simply put, Plaintiff's belief that this Court's statutory interpretation is incorrect falls well short of the bar of "manifest error." Manifest error of law is "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir.2000) (citation omitted). Plaintiff has not cited to any controlling precedent that this Court defied, therefore this Court may reject reconsideration on that ground. Nevertheless, even upon further review, this Court remains convinced that Plaintiff's interpretation of FIRREA is incorrect. Upon final judgment, Plaintiff may appeal this Court's finding that FIRREA's anti-injunction provision is not overridden by its provisions allowing claims to be maintained in federal court while administrative remedies are exhausted.

## II. Application of the Anti-Injunction Provision to the Revocatory Action Alleged against Empire Express

Plaintiff's second argument is that the Wagners Chef's sale of assets for $107,000.00 to Empire Express is not subject to the anti-injunction rule, because this specific transaction is sufficiently isolated so that unwinding it would not restrain or affect the FDIC's powers to deal with the First NBC Loans. This argument was waived by Plaintiff's counsel at oral argument:

> THE COURT: Well, that's why I asked [LNV's Counsel], I
> think he says you can't unwind one without unwinding them all.

5

You're saying the same thing, right?

[PLAINTIFF'S COUNSEL]: Yes. It will.

THE COURT: It's like dominoes.

[PLAINTIFF'S COUNSEL]: Yes.

"A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." *LeClerc v. Webb*, 419 F.3d 405, 412 (5th Cir. 2005)). It certainly may not be used to make an argument that counsel conceded at oral argument.

### III. Plaintiff's Unfair Trade Practices Claims against Dismissed Defendants

Finally, Plaintiff alleges that this Court committed manifest error by not finding its unfair trade practices allegations against the dismissed defendants plausible. Although Plaintiff could not point to a decision from the Louisiana Supreme Court recognizing the conduct alleged in the complaint constitutes an unfair trade practice, this Court found that assisting a person or entity in defying a court order of specific performance on a contract might constitute an unfair trade practice, if the act was motivated by a desire to "hinder a person in his access to the courts and the courts' remedies." (Rec. Doc. 46 at 14). This Court found that Plaintiff had sufficiently supported such a claim against the single-member entities owned by Mr. Jadallah Saed, but not against the other defendants which merely transacted with the Saed-owned-entities.

Plaintiff now attempts to rehash arguments that this Court has already rejected. For example, Plaintiff argues once again that Wagner World cancelled the

lease and sold its gas station property as a part of a wide-ranging conspiracy motivated by a desire to harm Plaintiff. Plaintiff provides no facts in support of this conspiracy, but argues that an unlawful agreement among the defendants is self-evident from the described transactions. There are no alleged facts supporting an inference of nefarious intent on the part of Wagner World. The Court rejected Plaintiff's assertion that Wagner World's sale of the property is itself indicative of an unscrupulous act motivated by a desire to hinder Brother's Petroleum's right to specific performance in its order and it rejects it now. The "natural explanation" for the sale is the one that Wagner World's counsel delivered at oral argument: Wagner World made the decision to sell the property rather than continue leasing it in order to extricate itself from an asset which was profitable, but heartburn inducing. *See Bell A. Corp. v. Twombly*, 550 U.S. 544, 567 (2007). The sale was "not suggestive of conspiracy." *Id.*

Similarly, the timing of the formation of Empire Express suggests that that entity was formed with the intention that it would be the operator of the gas station property. That alleged fact does not support Plaintiff's allegation that the entity was engaged in a conspiracy to deny Plaintiff its right to specific performance of the contract.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Reconsider* **(Rec. Doc. 47)** is **DENIED with prejudice**.

7

New Orleans, Louisiana, this 15th day of October, 2018.

                                                                   _____
                                                                   CARL J. BARBIER
                                                                   UNITED STATES DISTRICT JUDGE