UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BROTHERS PETROLEUM, LLC      CIVIL ACTION

VERSUS      17-6713

WAGNERS CHEF, LLC, ET AL.      SECTION: "J" (1)

## ORDER & REASONS

Before the Court are a *Motion for Attorney's Fees* **(Rec. Doc. 143)** filed by Plaintiff Brothers Petroleum, LLC, and an opposition thereto (Rec. Doc. 148) filed by Defendants Wagners Chef, LLC, Jadallah Enterprises, LLC, and Ahmed 1, LLC. Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises from a dispute between a petroleum distributor, Plaintiff Brothers Petroleum, LLC, and Defendant Wagners Chef, LLC, the retail operator of a gas station and convenience store in New Orleans, Louisiana, concerning a supply contract for the sale of fuel. While Plaintiff originally brought numerous claims that involved additional parties, it proceeded to trial only on its claim under the Louisiana Unfair Trade Practices Act ("LUTPA") against Defendants herein.

At trial, the jury unanimously found that these three Defendants violated LUTPA. Defendants Jadallah Enterprises, LLC and Ahmed 1, LLC then moved for

judgment as a matter of law under Rule 50(b), which the Court denied.[1] Plaintiff now seeks to recover its attorney's fees from Defendants.

## PARTIES ARGUMENTS

Plaintiff seeks $91,440.00 in attorney's fees, based on 304.8 hours of work billed at $300 per hour. Although Plaintiff's counsel, Joseph V. DiRosa Jr., typically charges Plaintiff a customary rate of $175 per hour to serve as its general counsel, Plaintiff argues that a higher rate is appropriate here because the customary services provided by Mr. DiRosa, such as drafting leases and purchase agreements, are typically far less challenging than the issues presented in this litigation and his customary rate is well below that normally charged by attorneys with far less experience than him. Mr. DiRosa has 44 years of experience, was formerly the Chief Deputy City Attorney of the federal trial division for the City of New Orleans, and has appeared before Louisiana district and appellate courts as well as this Court, the U.S. Fifth Circuit Court of Appeals, and the U.S. Supreme Court.[2] Plaintiff also seeks $5,788.18 in costs.

Defendants oppose the requested amount of fees as excessive and not reasonable. Defendants first contend that awarding attorney's fees based on the higher rate, rather than the customary rate, is not reasonable because using the higher rate would result in Plaintiff receiving a windfall and essentially impose an additional award of damages against Defendants, which is not the purpose of the attorney's fees provision in LUTPA. Defendants further contend that fees associated

---

[1] (Rec. Doc. 159).
[2] (Decl. of Joseph V. DiRosa Jr., Rec. Doc. 143-2, at 1-2).

2

with the dismissed claims and defendants should not be assessed against them, as well as the fees for Plaintiff's unsuccessful motion for reconsideration, appeal of the Court's order granting a motion to dismiss, petition for writ of mandamus, and motion to dismiss affirmative defenses, which together amounted to 52 hours of work by Plaintiff's counsel.

## LEGAL STANDARD

"State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Accordingly, the Court will apply Louisiana law to Plaintiff's request for attorney's fees.

LUTPA provides, in pertinent part: "In the event that damages are awarded under this Section, the court shall award to the person bringing such action reasonable attorney fees and costs." LA. R.S. 51:1409(A). "An accepted method with which to begin calculation of a fee award under Louisiana law is to multiply the hours worked by an hourly rate the Court deems to be reasonable." *Bodin v. Butler*, No. 07-3505, 2008 WL 5122354, at *5 (E.D. La. Dec. 4, 2008). Courts then consider the following ten factors for determining the reasonableness of an award for attorney's fees:

> (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court's own knowledge.

*Rivet v. State, Dep't of Transp. & Dev.*, 96-145, pp. 11-12 (La. 9/5/96), 680 So. 2d 1154, 1161. These guidelines are permissive and consideration of all of them is not necessary. *Fourchon Docks, Inc. v. Milchem Inc.*, 849 F.2d 1561, 1568 (5th Cir. 1988).

## DISCUSSION

An attorney's customary billing rate, when not contested, is prima facie reasonable. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995). An attorney's fee award should not provide a windfall to plaintiffs, but "the actual amount paid in fees is not dispositive on the question of reasonable rates." *Id.*; *cf. Rivet*, 96-145 at 10-11, 680 So. 2d at 1160-61 (analyzing L<small>A</small>. R.S. 13:5111(A), which limits an award to "reasonable attorney fees actually incurred"). "'Should a fee agreement provide less than a reasonable fee . . . , the defendant should nevertheless be required to pay the higher [market-based] amount.'" *Kellstrom*, 50 F.3d at 328 (alterations in original) (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989)). Accordingly, the Court rejects Defendants' arguments that the rate should be restricted to the actual rate charged by Plaintiff's counsel. The Court also finds unpersuasive the cases cited by Defendants showing that a rate of $200 per hour or less is reasonable, as all those cases are over ten years old and thus not reflective of today's market.

Plaintiff's proposed rate of $300 per hour is consistent with prevailing rates in the local market for an attorney of Mr. DiRosa's experience. *See, e.g., Hernandez v. U.S. Customs & Border Prot. Agency*, No. 10-4602, 2012 WL 398328, at *15 (E.D. La. Feb. 7, 2012) (collecting cases). Accordingly, the Court finds this rate to be reasonable.

4

Turning next to the number of hours worked, the Court finds that Plaintiff should not recover fees for its patently meritless motions, appeal, and mandamus petition, none of which pertained to the LUTPA claims on which Plaintiff prevailed at trial. On Plaintiff's motion for reconsideration, the Court found that Plaintiff failed to present any controlling precedent for one issue and used the motion to rehash one argument Plaintiff's counsel conceded at oral argument and another that was unsupported by any evidence.[3] The Court will deduct 21.2 hours for this motion.[4]

Plaintiff's motion to dismiss affirmative defenses, which the Court construed as a motion to strike, was denied as untimely, as it was filed over a year after the time period in Rule 12(f)(2) had expired.[5] The Court will deduct 10.3 hours for this motion.[6]

Plaintiff's attempted interlocutory appeal of the Court's order granting several motions to dismiss was meritless, as evinced by the Fifth Circuit's dismissal for lack of jurisdiction.[7] It was also untimely, as it was filed almost three months after the Court's order was entered. For these reasons, the Court will also deduct the hours related to Plaintiff's motion to certify order as final judgment (which was not filed until over a month *after* Plaintiff filed its notice of appeal).[8] The Court will deduct 14.7 hours for the appeal and motion.[9]

---

[3] (Rec. Doc. 58, at 5-7).
[4] (Rec. Doc. 143-2, at 8).
[5] (Rec. Doc. 107).
[6] (Rec. Doc. 143-2, at 11).
[7] (Rec. Doc. 64).
[8] (Rec. Doc. 62).
[9] (Rec. Doc. 143-2, at 9).

Plaintiff's petition for writ of mandamus sought to overturn the Court's order denying Plaintiff's motion to certify order as final judgment and was denied without reasons by the Fifth Circuit.[10] The Court will deduct 15 hours for the petition.[11]

After these deductions, the number of hours worked is reduced to 243.6. Based on a rate of $300 per hour, the total fee award would be $73,080. The Court finds this amount to be reasonable and does not require further consideration of the factors listed in *Rivet* beyond what has been incorporated in the above analysis. The Court also finds that Plaintiff's request for $5,788.18 in costs is reasonable and should be awarded.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Attorney's Fees* **(Rec. Doc. 143)** is **GRANTED**, and Plaintiff is awarded $73,080 in attorney's fees and $5,788.18 in costs against Defendants Wagners Chef, LLC, Jadallah Enterprises, LLC, and Ahmed 1, LLC.

New Orleans, Louisiana, this 1st day of July, 2020.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[10] (Rec. Doc. 72).
[11] (Rec. Doc. 143-2, at 9).